IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EUGENE PAGE )
)
v. ) NO. 3:13-0237
)
KROGER LIMITED PARTNERSHIP I )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 18, 2013 (Docket Entry No. 4), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, for entry of a scheduling order, decision on all pretrial, nondispositive motions, and a report and recommendation on any dispositive motions.

Presently pending before the Court is the motion to dismiss filed by Defendant Kroger Limited Partnership I[1] (Docket Entry No. 8). For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. PROCEDURAL BACKGROUND

The Plaintiff filed this action pro se on March 18, 2013, against "Kroger." In his Complaint, the Plaintiff also listed as defendants several other people – Tammy Perkins, Don Cox, Rusty Price,

---

[1] The Defendant states in its motion that it was incorrectly named as "Kroger" in the Plaintiff's Complaint.

Teresa Reid, and Joannie Regg – but there is no indiction that the Plaintiff has ever served these defendants with process in the action.[2] The Plaintiff states the grounds for his complaint as:

> To prove that these people and more of them have been bothering me years later after my first lawsuit, this fall under Title VII of the Civil Rights Act.

See Complaint (Docket Entry No. 1), at 1. He further alleges:

> Tammy Perkins, Joannie Regg, Teresa Reid started a lot of nasty rumors that have spreaded (sic) all over town the past 10 years.
>
> Don Cox was a big part of me getting fired from the Dollar General Store. The store where he is the manager presently is just a mile from the main headquarters of that company. Rusty Price had a hand in me getting fired from Home Depot. I was terminated on April 24, 2012, He was in there shopping the previous day.

Id. at 2. Attached to the Complaint is a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") dated January 4, 2013. See Docket Entry No. 1-1.

On April 11, 2013, Kroger Limited Partnership I ("Kroger LP I") filed the pending motion to dismiss the action arguing that the Plaintiff's Complaint does not set out any factual allegations against Kroger LP I and contains only convoluted allegations that are difficult to understand and that appear to be directed at only the individuals mentioned in the Complaint. Kroger LP I contends that the Plaintiff fails to state any viable legal claims against it and that the action should be dismissed for failure to state a claim upon which relief can be granted. See Memorandum in Support (Docket Entry No. 9).

---

[2] Because the Plaintiff is not proceeding in forma pauperis, he is responsible for effecting service on defendants named in this lawsuit. The Plaintiff did provide summons to be issued by the Clerk for Defendant Kroger, see Docket Entry No. 3, but there is no indication that the Plaintiff sought issuance of summons for any other defendant.

On July 10, 2013, the Plaintiff filed a response (Docket Entry No. 22) and an Amended Complaint (Docket Entry No. 23).[3] The response consists entirely of copies of documents, statements, and declarations, which appear to have been generated in 2005 and 2006 and which relate to the Plaintiff's former employment at a Kroger store during that time period. In the Amended Complaint, the Plaintiff names Kroger LP I as the defendant, along with Don Cox, Rusty Price, B. Jarret, Tommie George, Teresa Reid, Tammy Perkins, Joanie Regg, and "Sandy from Inglewood Kroger." See Amended Complaint, at 2. The Plaintiff specifically asserts five causes of action: 1) retaliation in violation of Tenn. Code Ann. § 4-21-301(1); 2) perjury in violation of Tenn. Code. Ann. § 39-16-702(a)(3); 3) civil theft in violation of Tenn. Code Ann. § 39-14-145; 4) defamation; and 5) conspiracy. Id at 2-7.

On August 2, 2013, Defendant Kroger LP I filed a supplemental brief addressing the Plaintiff's response and Amended Complaint. See Docket Entry No. 26. The Defendant argues that the Amended Complaint also lacks factual allegations that support viable claims against Kroger LP I and that the action should still be dismissed for failure to state a claim upon which relief can be granted. Additionally, the Defendant argues that the five causes of action asserted by the Plaintiff are untimely under the applicable statute of limitations and that his claims for perjury and civil theft are not cognizable claims under the state statutes upon which he relies. Finally, the Defendant asserts that the Plaintiff filed a prior lawsuit against Kroger in this Court, Page v. Kroger Store No. 514, No. 3:05-0878, in which all claims were dismissed with prejudice. The Defendant argues that, to the extent that the Plaintiff is attempting to pursue claims that were asserted in the prior

---

[3] The Court granted the Plaintiff leave to file the amended complaint by Order entered July 15, 2013 (Docket Entry No. 24).

action, such claims would be subject to dismissal under the doctrine of res judicata. See Docket Entry No. 26, at 1 n.2.

On August 2, 2013, the Plaintiff filed a brief reply to the Defendant's supplemental filing in which he states:

> I am writing this in response to Kroger. I did state a cause of action in my amended suit. All I want is a chance to be heard and a chance to prove that this whole situation started way back at the store and a lot of people knew about it, yet allowed it to happen. The only reason why I wasn't able to proceed the first time was because of a lack of legal representation.

See Docket Entry No. 29.

## II. STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). However, although the complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000); abrogated in part on other grounds, Buckhannon Bd. & Care Home, Inc. v. West Va. Dep't of Health & Human Res., 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Although Rule 8 of the Federal Rules of Civil Procedure does not constitute a "hyper-technical, code-pleading regime," it "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Iqbal, 556 U.S. at 678-79. A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. at 678 (quoting Twombly, 550 U.S. at 557).

### III. CONCLUSIONS

The motion to dismiss should be granted. The original Complaint is devoid of any factual allegations that can even liberally be construed as stating a Title VII claim against Defendant Kroger LP I. Although the Plaintiff clarifies his claims in his Amended Complaint and provides additional supporting factual allegations, his Amended Complaint continues to lack sufficient factual allegations directed at Kroger LP I that state a claim for relief against Kroger LP I.

First and foremost, four of the claims set forth by the Plaintiff in his Amended Complaint simply do not state viable legal claims against Kroger LP I. Count 2 of his Amended Complaint fails

5

to state a viable legal claim because Tenn. Code Ann. § 39-16-702(a)(3) is a criminal provision and does not provide for a private cause of action. Similarly, Count 3 of his Amended Complaint fails to state a viable legal claim because Tenn. Code Ann. § 39-14-145 provides a private cause of action only to a merchant whose employee has stolen merchandise. To the extent that the Plaintiff seeks to assert defamation (count 4) and conspiracy (Count 5) claims, these claims are based upon events that occurred in 2004-2006, no less than seven years prior to the filing of the instant lawsuit. Such claims are clearly untimely under the applicable statute of limitations. See Tenn. Code. Ann §§ 28-3-10, 28-3-104, and 47-3-118. Additionally, to the extent that any of these claims were part of the Plaintiff's prior lawsuit or were claims arising out of the events of that lawsuit that could have been raised in the prior lawsuit, the principles of res judicata would bar such claims from being raised in the instant action.

To the extent that the plaintiff raises a retaliation claim against Kroger LP I under Title VII or Tenn. Code Ann. § 4-21-301,[4] the Court finds that such claims likewise warrant dismissal. The only facts he sets forth that appear to relate to any conceivable employment claims are his allegations that Defendant Kroger LP I had some role in his termination from his employment with Dollar General in June 2007, and from his employment with the Home Depot in April 2012, and that this involvement by Kroger LP I was in retaliation against him because of his prior lawsuit against Kroger. See Docket Entry No. 23, at 2-3 and 7.

---

[4] The Plaintiff's Amended Complaint is unclear as to the exact legal basis for his retaliation claim. Although he couches Count 1 only in terms of Tenn. Code Ann. § 4-21-301, see Docket Entry No. 23, at 2, he nonetheless refers to Title VII as a basis for his action, id. at 1, and cites to Robinson v. Shell Oil, 519 U.S. 337, 117 S.Ct. 843, 117 S.Ct. 843 (1997), a Title VII case. Id. at 7. Accordingly, given the Plaintiff's pro se status and for the sake of completeness, the Court shall construe the Amended Complaint as asserting both a federal and a state retaliation claim.

Although the Plaintiff is correct that the anti-retaliation provisions of Title VII have been construed to protect individuals from acts of retaliation against them by their former employers because of prior protected activity, see Robinson v. Shell Oil, 519 U.S. 337, 117 S.Ct. 843, 117 S.Ct. 843 (1997), the Plaintiff's allegations that Kroger LP I took action to retaliate against him are completely conclusory and are based upon pure speculation and conjecture on his part. Such allegations simply fail to support claims upon which relief can be granted. See Gregory, supra; Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required, Iqbal, supra, and the plaintiff's factual allegations, assumed to be true, "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." League of United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S. at 555). The Plaintiff's pleadings do not satisfy this standard. Further, the Court also notes that any claim under Title VII or state law based upon events that occurred in 2007 would be untimely under the applicable statute of limitations. See National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105, 122 S. Ct. 2061, 2068, 153 L. Ed. 2d 106 (2002); Weber v. Moses, 938 S.W.2d 387, 393 (Tenn. 1996);Tenn. Code Ann. § 4-21-311(d).

**R E C O M M E N D A T I O N**

For the foregoing reasons, the Court respectfully RECOMMENDS that the Motion to Dismiss filed by Defendant Kroger Limited Partnership I (Docket Entry No. 8) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and

must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge